IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CODY DEE SKINNER,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>BERRY PETROLEUM COMPANY, LLC; HOLLYFRONTIER REFINING & MARKETING LLC,<br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE<br><br>Case No. 1:19-cv-00124<br><br>District Judge Ted Stewart |

This matter comes before the Court on Plaintiff's Motion in Limine to Admit Indemnification Agreements under FRE 411 and Find that the Root Cause Analysis is a Binding Agent Admission.[1] For the following reasons the Court will deny the Motion.

I. BACKGROUND

Plaintiff sues Defendants Berry Petroleum Company, LLC ("Berry") and HollyFrontier Refining and Marketing, LLC ("HollyFrontier") for injuries incurred while pumping oil for transport as a crude oil truck driver for Savage Industries Inc ("Savage"). Savage is not a named party in the suit because "the exclusive remedy provision of Utah's Worker's Compensation Act preclude[s] Plaintiff from suing Savage as a result of his work-related injury."[2] However, due to indemnification agreements between Berry and HollyFrontier, and HollyFrontier and Savage, Savage is indemnifying and defending both businesses in the litigation. On the date of the incident, December 26, 2017, Savage's employee, Mr. Warren Larsen, completed a Root Cause

---

[1] Docket No. 47.

[2] Docket No. 54, at 8.

Analysis concluding that Plaintiff did not commit an unsafe act as a cause of the incident.[3] Plaintiff seeks to admit the two indemnification agreements and the Root Cause Analysis (the "Analysis") in anticipation of trial that has yet to be scheduled.

## II. DISCUSSION

Plaintiff seeks to admit the indemnification agreements under Fed. R. Evid. 411, which states "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."

In his deposition, Mr. Larsen testified that he would change his response from "no" to "yes" in response to whether Plaintiff committed an unsafe act.[4] Plaintiff argues that this change can be attributed to Mr. Larsen and other unnamed Savage employees' knowledge that Savage is now on the hook for the claim in this case, and therefore the indemnification agreements should be admitted as evidence of bias. Defendants argue that Plaintiff's assertions of bias are speculative and, further, under Fed. R. Evid. 403, the agreements should be excluded because the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and presenting cumulative evidence. The Court will deny the Motion to admit these agreements as premature. While it is possible the agreements could show bias on the part of Mr. Larsen, there are still issues of foundation, the other employees' alleged testimony, and 403 objections to address. The denial will be without prejudice, allowing Plaintiff to raise the issue again closer to or at trial.

---

[3] Docket No. 48-5, at 3.

[4] Docket No. 60-1, at 51:1–13.

Plaintiff also moves to admit the agreements under a theory that they show an agency relationship between Savage and HollyFrontier. Plaintiff argues that establishing this relationship "is critical to Plaintiff's argument that certain witness testimony may be biased"[5] and that the Root Cause Analysis is an agency admission. As discussed in more depth below, the Court does not find that the Root Cause Analysis was created within an agent-principal relationship. Further, Plaintiff's argument that establishing agency shows witnesses' bias appears to be the same argument as Plaintiff makes in support of admitting the documents to show bias, which the Court has found to be premature. Therefore, the Court will not admit the agreements to show an agency relationship. However, this denial will also be without prejudice.

Plaintiff seeks to admit the Analysis as a binding agency statement. Plaintiff contends that Savage was an agent of HollyFrontier and, as such, the Analysis is an agency admission under Fed. R. Evid. 801. Under Rule 801(2)(D), a statement is not hearsay if it is offered against an opposing party and "was made by the party's agent or employee on a matter within the scope of the relationship and while it existed." Plaintiff argues that Savage's agreement to indemnify HollyFrontier (the "Agreement") creates an agency relationship with Savage as the agent and Holly as the principal, in which Savage owes HollyFrontier a fiduciary duty.

Defendant argues that the Analysis is not an agency admission because the agency relationship began after the document was created and the Analysis is therefore inadmissible hearsay. Under Utah law, an agency relationship exists if "(1) the principal [] manifest[s] its intent that the agent act on its behalf, (2) the agent [] consent[s] to so act, and (3) both parties [] understand that the agent is subject to the principal's control."[6]

---

[5] Docket No. 47, at 7.

[6] *Sutton v. Miles*, 2014 UT App 197, ¶ 10, 333 P.3d 1279 (citation omitted).

The Agreement between HollyFrontier and Savage includes a mutual indemnification clause and states:

> (a)  Each party will indemnify, defend and hold harmless the other Party . . . from . . . any injury to person, and any direct demands, claims, expenses, fines and losses of any type (including reasonable attorney's fees and litigation expenses) to the extent resulting from the indemnifying Party's . . . negligence . . . in performing or failing to perform its obligation under this Agreement.
> (b)  The indemnified Party will (a) within sixty (60) days of receiving notice of any claim, lawsuit, action or proceeding subject to this indemnity, give written notice of such claim, lawsuit, action or proceeding to the indemnifying Party and will tender the defense of such matter to the other Party, and (b) have the right, but not the duty, to participate in the defense of any such claim. . . . The indemnifying Party may not, without the indemnified Party's consent . . . settle or compromise any claim or consent to any entry of judgment that does not include a full release of the indemnified Party from all liability on the claim.[7]

Mr. Larsen testified at his deposition that a root cause analysis is used to determine the root cause of a specific incident to inform of any necessary adjustments so the issue will not occur again.[8] The Analysis in this case is dated December 26, 2017, the date of the incident. Plaintiff originally filed this suit on September 17, 2019.[9] Plaintiff argues that the agency relationship was in effect when the Analysis was created because the Agreement provides Savage will transport the oil using "good, safe, workmanlike practices" and that Savage will submit an analysis after an incident to HollyFrontier to minimize incidents in the future.[10] The Agreement states that, "Carrier shall report all reportable spills, accidents involving third parties and [Department of Transportation] reportable accidents pertaining to Haulage Units and

---

[7] Docket No. 54-2, at 10–11.

[8] Docket No. 60-1, at 15:4–12.

[9] Docket No. 4, at 1.

[10] Docket No. 60, at 9 (citing Docket No. 47-2, at 3–5).

affecting the Transportation Services to Holly," and "shall provide Holly with a written corrective action plan designed to prevent or minimize such Incidents in the future."[11]

However, the Agreement specifically disclaims any creation of an agency relationship.[12] Further, it does not appear that HollyFrontier controlled or had the right to control the manner in which the reports were created. Additionally, both the covenant regarding written corrective plans and Mr. Larsen's testimony support the notion that the Analysis is not for litigation purposes, but rather to prevent or minimize future incidents, which places it outside the scope of any potential indemnification agency relationship. Finally, the filing of a claim or lawsuit, requires that the indemnified party notify the indemnifying party within sixty days at which time the indemnifying party will tender a defense.[13] If an agency relationship exists based on this clause, it only comes into existence at the point that the indemnified party notifies the indemnifying party of the claims. As such, the Root Cause Analysis was created before and outside of any agency relationship and the Court will deny the Motion to admit the Analysis as an agent admission.

---

[11] Docket No. 47-2, at 6.

[12] *Id.* at 9 ¶ 7 ("Carrier shall perform the Transportation Services an independent contractor and shall not be deemed for any purpose to be an agent, servant, employee, or representative of [HollyFrontier]. [HollyFrontier] shall not have control of Carrier, its agents or subcontractors in the performance of the Transportation Services.").

[13] *Id.* at 11.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine to Admit Indemnification Agreements under FRE 411 and Find that the Root Cause Analysis is a Binding Agent Admission (Docket No. 47) is DENIED as set forth above.

DATED this 28th day of March, 2023.

BY THE COURT:

_____
TED STEWART
United States District Judge