IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CODY DEE SKINNER,<br><br>                    Plaintiff,<br>v.<br><br>BERRY PETROLEUM COMPANY, LLC;<br>HOLLYFRONTIER REFINING &<br>MARKETING LLC,<br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT BERRY PETROLEUM COMPANY, LLC'S MOTION TO EXCLUDE PLAINTIFF'S SECOND SUPPLEMENTAL EXPERT REPORTS<br><br>Case No. 1:19-cv-00124-TS-DBP<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

This matter comes before the Court on Defendant Berry Petroleum Company, LLC's ("Berry") Motion to Exclude Plaintiff's Second Supplemental Expert Reports.[1] The Court will deny the Motion as the Report was not untimely and, even if it was, Berry fails to demonstrate prejudice.

Plaintiff sues Berry for injuries incurred while pumping oil for transport as a crude oil truck driver for Savage Industries Inc. In both the initial disclosure and the supplemental disclosure at issue here, Plaintiff designated Edward R. Ziegler as an "oil field, oil tank and oil tank's 'thief hatch' safety expert as to all relevant safety issues involved in this injury incident."[2]

Berry agrees that Plaintiff complied with the deadlines concerning Ziegler's initial disclosures and report.[3] Ziegler's deposition was taken December 16, 2022.[4] Per the fifth

---

[1] Docket No. 96.

[2] Docket No. 43, at 13; Docket No. 91, at 1.

[3] Docket No. 101, at 2.

[4] Docket No. 96, at 3.

amended scheduling order, expert discovery closed January 29, 2024.[5] On April 12, 2024, Plaintiff filed his Second Supplemental Expert Reports containing an updated expert report from Ziegler.[6] Berry moves the Court to exclude this updated report on the grounds that it is untimely and that the delay was not substantially justified or harmless.[7]

"[A] party's duty to supplement extends to both information included in the [expert] report and to information given during the expert's deposition."[8] Any additional changes "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[9] Rule 26(a)(3), in turn, requires that disclosures be made at least 30 days before trial, unless the Court orders otherwise. Per the Fifth Amended Scheduling Order, there is not a pretrial disclosure deadline set in this matter and there is no trial date set. As such, the Court does not find that the Supplemental Report is untimely. Nevertheless, even if the Court were to conclude that it was untimely, Berry does not demonstrate that any delay was not substantially justified or harmless.

Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." The court has broad discretion in making this determination and considers the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the

---

[5] Docket No. 85, at 3.

[6] Docket No. 91.

[7] Docket No. 96, at 3.

[8] Fed. R. Civ. P. 26(e)(2).

[9] *Id.*

extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[10]

In considering these factors, the Court does not find that they weigh in favor of exclusion. Berry argues that "it will undoubtedly be prejudiced" if the report is not excluded and that this prejudice cannot be cured.[11] Berry claims that it will be prejudiced by increased costs, arguing that it will have to conduct a second Ziegler deposition, pay for its own experts to review the supplemental report, and the amount of prejudgment interest will be increased by delaying trial. The Court does not find this persuasive. Berry concedes that the supplemental report does not rely on new information,[12] and further, there is no trial date set. Therefore, the Court finds that the first two factors do not weigh in favor of exclusion.

Next, Berry argues that the supplemental report will disrupt the trial because it will further delay the trial. As there is not yet a trial date set, the inclusion of the supplemental report does not disrupt the trial setting. Accordingly, the Court finds this factor does not weigh in favor of exclusion.

Finally, Berry argues that the untimely disclosure was willful because Plaintiff waited so long to produce it. Berry also asserts that Plaintiff is using this supplemental report to add additional opinions or reinforce opinions already presented in the original report. Berry does not cite to any part of the report to support this assertion. Berry also objects to Plaintiff's explanation as to why he filed the supplemental report. The Court need not consider Plaintiff's explanation in

---

[10] *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[11] Docket No. 96, at 4.

[12] *Id.* at 5.

3

finding that this factor does not weigh in favor of exclusion. Berry does not present evidence that suggests bad faith or willfulness by Plaintiff.

Therefore, the Court finds that even if the supplemental report was untimely, the factors do not weigh in favor of exclusion. Accordingly, the Court will deny the Motion.

It is therefore

ORDERED that Defendant Berry Petroleum Company, LLC's Motion to Exclude Plaintiff's Second Supplemental Expert Reports (Docket No. 96) is DENIED.

DATED July 31, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge