IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF UTAH

| | |
|---|---|
| CODY DEE SKINNER,<br><br>　　　　　Plaintiff,<br>v.<br><br>BERRY PETROLEUM COMPANY, LLC,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE 136 AND 137<br><br>Case No. 1:19-cv-00124<br><br>District Judge Ted Stewart |

　　　This matter comes before the Court on Defendant Berry Petroleum Company LLC's Motion in Limine to Exclude Testimony of Plaintiff's Character and Reputation[1] and Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Involvement & Title of "Safety Specialist."[2] For the following reasons, the Court will deny both Motions.

I. DISCUSSION

　　　Defendant seeks to preclude testimony related to Plaintiff's reputation as a "competent and good employee" under Federal Rule of Evidence 404(a). Defendant also asks the Court to exclude evidence of Plaintiff's role at Savage Services Corporation ("Savage") as a "safety specialist," claiming this evidence is also inadmissible propensity evidence under Rule 404(a).

　　　Rule 404(a) prohibits the use of propensity evidence, stating that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." The Rule further states "[e]vidence of a crime,

---

[1] Docket No. 136.
[2] Docket No. 137.

wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in conformity with the character."[3] In civil cases, "[t]he prevailing pattern is to exclude all forms of character evidence . . . when the evidence is employed merely to support an inference that conduct on a particular occasion was consistent with a person's character."[4]

First, Defendant argues Warren Lynn Larsen's testimony that Plaintiff was a "competent and good employee" is inadmissible character evidence because it would lead to impermissible inference that Plaintiff acted in conformity with that characteristic at the time of the incident. Plaintiff responds that the evidence should be admissible and is relevant for purposes other than character evidence, including how the incident changed Plaintiff's ability to work.

The Court agrees with Plaintiff that evidence he was a good employee is relevant to his ability to work before the incident, among other purposes, and therefore is being offered for purposes other than impermissible character evidence. The Court will therefore deny the Motion.

Defendant similarly argues that testimony that Plaintiff's involvement with safety training video creation and his role as a "safety specialist" is impermissible character evidence because it would create an impermissible inference that Plaintiff acted in conformity with a character for safety at the time of the incident. Plaintiff responds that the evidence is relevant for other reasons, including to help with a damage calculation by showing how his loss of earning ability from before and after the incident affected him.

The testimony being offered does not involve statements of Plaintiff's reputation for being safe to prove that he acted safely on the date of the incident. Instead, Plaintiff's deposition

---

[3] Fed. R. Evid. 404(b).

[4] *McCormick on Evidence* § 189 (9th ed.).

indicates that he was on the safety team in the capacity of video creator for Savage to film specific safety protocols for company-wide training.[5] The Court does not find that this testimony is being offered as inadmissible character evidence. Accordingly, the Court will deny the Motion.

## II. CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Character and Reputation (Docket No. 136) is DENIED. It is also

ORDERED that Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Involvement & Title of "Safety Specialist" (Docket No. 137) is DENIED as set forth above.

DATED this 27th day of February, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] Docket No. 137, at 18:13–22:4.