IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY DEE SKINNER, <br><br> Plaintiff, <br><br> v. <br><br> BERRY PETROLEUM COMPANY, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE 131–33 AND 138–40. <br><br> Case No. 1:19-CV-00124 <br><br> Judge Ted Stewart |

This matter comes before the Court on Defendant, Berry Petroleum Company, LLC's Motions in Limine.[1] For the reasons discussed below, the Court will deny Defendant's Motions to Limit Testimony of Paul Fulmer,[2] Jason Lefler,[3] Matt Guest,[4] and to Exclude NIOSH-OSHA Hazard Alert Exhibit[5] and Testimony of Other Thief Hatches.[6] The Court will grant in part and deny in part Defendant's Motion to Exclude Subsequent Remedial Measures.[7]

Plaintiff sues Defendant Berry under a theory of negligence for injuries he allegedly incurred while opening a thief hatch on a crude oil tank at Defendant's well site in Duchesne County, Utah. Trial in this matter is set to begin on March 3, 2025. Defendant has filed a number of motions in limine in anticipation of trial. The Court will address six of these motions below.

---

[1] Docket Nos. 131–133, 138–140.

[2] Docket No. 131.

[3] Docket No. 132.

[4] Docket No. 133.

[5] Docket No. 138.

[6] Docket No. 139.

[7] Docket. No. 140.

I. LEGAL STANDARD

Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[8] Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[9] Rule 403 excludes otherwise relevant evidence

> [i]f its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Defendant seeks to limit or exclude the following testimony and evidence in part pursuant to Rules 401 and 403.

II. ANALYSIS

1. Motion to Limit Testimony of Paul Fulmer[10]

Defendant seeks to limit Plaintiff from eliciting testimony from Paul Fulmer about his experiences at other well sites under Federal Rules of Evidence 401, 402, and 403. Mr. Fulmer is employed by Savage Services Corporation ("Savage") as a truck driver. Plaintiff plans to call Mr. Fulmer to testify about his relationship with Plaintiff and his experiences accessing thief hatches of oil tanks and wells.[11]

---

[8] Fed. R. Evid. 401.

[9] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's notes).

[10] Docket No. 131.

[11] Docket No. 126, at 2.

Defendant argues that Mr. Fulmer's testimony about other well sites is irrelevant because it cannot prove, disprove, or have any bearing on the condition or knowledge of the specific thief hatch and incident in this case. Plaintiff asserts that the testimony regarding Mr. Fulmer's experience with similar tanks under similar circumstances is relevant to show Defendant's breach of the standard of care and that circumstances alleged by Plaintiff are possible.

The Court agrees that the testimony is probative of Defendant's notice, the standard of care, and the conditions Plaintiff alleges and is therefore relevant.

Defendant further argues that even if the evidence is deemed relevant, it should be excluded under Rule 403 because any probative value is substantially outweighed by a danger of misleading the jury and confusing the issues. The Court concludes that the risks of confusion and misleading are low and can be addressed by Defendant at trial through direct and cross examination. Accordingly, the Court finds that the probative value of the testimony is not substantially outweighed by the danger of confusing the issues or misleading the jury. Therefore, the Court will deny the Motion.

2. Motion to Limit Testimony of Jason Lefler[12]

Defendant seeks to prevent Plaintiff from eliciting testimony from Jason Lefler about newer well venting systems and combustors pursuant to Rules 401, 402, 403, and 407. Plaintiff intends to call Mr. Lefler as a fact witness at trial and expects him to testify about his experiences accessing thief hatches of the oil tanks involved in the incident.[13] Mr. Lefler is the production foreman at Berry Petroleum.[14]

---

[12] Docket No. 132.

[13] Docket No. 126, at 3.

[14] Docket No. 132-1, at 5:18–21.

Plaintiff asserts that the testimony about the venting systems and combustors on newer tanks is relevant to Defendant's standard of care. In this case, Plaintiff alleges that Defendant was negligent in failing to implement reasonable safety precautions to prevent crude oil condensate gas exposure and inhalation upon the opening of the thief hatch. Accordingly, the Court agrees that the testimony is probative of Defendant's standard of care and breach and is therefore relevant. However, to the extent that Plaintiff seeks to elicit testimony from Mr. Lefler regarding new tanks and their safety features that were not available as a "reasonable safety precaution" for the subject oil tank at the time of the incident, the Court does not find that evidence to be relevant and will exclude it accordingly.

Defendant asserts that even if relevant, the testimony regarding the other wells will mislead the jury about the requirements for the thief hatch at issue. Again, the risk of misleading the jury is low and can be addressed by Defendant at trial. The Court finds that the probative value of the evidence is not substantially outweighed by danger of unfair prejudice. Accordingly, the Court will deny the Motion.

Defendant also seeks to limit Mr. Lefler's testimony under Federal Rule of Evidence 407, which excludes evidence of subsequent remedial measures to prove "negligence, culpable conduct . . . or a need for a warning or instruction." However, such evidence may be admitted for another purpose, "such as impeachment or—if disputed—proving ownership, control, or the feasibility of such precautionary measures."[15] Based on the parties briefing, it is not clear what testimony addresses subsequent remedial measures. To the extent that Mr. Lefler is to testify about subsequent remedial measures at trial, Plaintiff must argue an admissible basis.

---

[15] Fed. R. Evid. 403.

3. Motion to Limit the Testimony of Matt Guest[16]

Defendant also seeks to limit Plaintiff from eliciting testimony from Matt Guest regarding newer oil well venting systems and combustors pursuant to Rules 401, 402, at 403.[17] Mr. Guest is an anticipated witness for Defendant.[18] He is the Environment, Health, and Safety representative for Defendant and is expected to testify regarding his investigation-related interactions with Savage and HollyFrontier Refining and Marketing, LLC, and the safety measures and training undertaken regarding oil well condensate.[19]

Defendant argues that testimony about new oil tanks, including pressure indicators, blowdown valves, and combustors is not relevant to whether Defendant knew or should have known the condition of the subject thief hatch. To the extent that Mr. Guest's testimony is probative of the standard of care, the Court finds that testimony to be relevant. However, to the extent that Plaintiff seeks to elicit testimony from Mr. Guest regarding new tanks and their safety features that were not available as a "reasonable safety precaution" for the subject oil tank at the time of the incident the Court does not find that evidence to be relevant and will exclude it accordingly.

Overall, the Court finds that the probative value of the evidence is not substantially outweighed by any danger of misleading the jury or confusing the issues. Accordingly, the Court will deny the Motion.

---

[16] Docket No. 133.

[17] Defendant also seeks to preclude this testimony under Rule 407 but does not substantively address the issue, so the Court will not address it.

[18] Docket No. 129, at 6.

[19] *Id.*

4. Motion to Exclude NIOSH-OSHA Hazard Alert Exhibit[20]

Defendant seeks to exclude Plaintiff's proposed Exhibit 38, NIOSH-OSHA Safety Alert pursuant to Federal Rules of Evidence 401, 402, 403, and 602.[21] The proposed exhibit was prepared by the National Institute for Occupational Safety and Health ("NIOSH") and the Occupational Safety and Health Administration ("OSHA") and is entitled "Health and Safety Risks for Workers involved in Manual Tank Gauging and Sampling at Oil and Gas Extraction Sites."[22] The Alert is based on an evaluation of "worker exposures to a variety of chemicals during flowback and production activities at six well sites in Colorado and Wyoming."[23]

Defendant argues that the Safety Alert is not relevant because it is a bulletin, not a regulation or standard, prepared by a governmental agency speaking generally about manual tank gauging and gas extraction in Colorado and Wyoming. It further argues that because the Alert does not address the particular tank or well at issue in this case or the specific gas composition of gases and vapors for the Brundage Canyon wells, it is irrelevant. Defendant asserts that Defendant's Exhibit F, which is a Fluid Analysis at the Brundage Canyon well sites is the best evidence regarding off-gassing composition.

"The bar for admission under Rule 401 is very low. This is because the degree of materiality and probativity necessary for evidence to be relevant is minimal and must only provide a fact-finder with a basis for making some inference, or chain of interferences."[24] Here,

---

[20] Docket No. 138.

[21] Defendant does not make any argument under Rule 602 and therefore, the Court will not address the evidence under this Rule.

[22] Docket No. 138, at 2.

[23] Docket No. 138-1, at 4.

[24] *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation marks and citation omitted).

as Plaintiff asserts, the Safety Alert could support an inference regarding the dangers of operating thief hatches and the standard of care for maintaining and using thief hatches. Accordingly, the Court finds that the Safety Alert is relevant.

Defendant argues that even if it is relevant, the Alert should be excluded under Rule 403 because any probative value is substantially outweighed by a danger of unfair prejudice. The Court is not persuaded. The "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'"[25] The risks of confusing the jury as argued by Defendant are low, and can be easily addressed by cross examination and argument. Therefore, the Court does not find that the probative value of the proposed exhibit is substantially outweighed by a danger of confusing the issues or misleading the jury.

Finally, that Defendant prefers its exhibit to the Alert is not a reason to exclude the Alert. Accordingly, the Court will deny the Motion.

5. Motion to Exclude Testimony of Other Thief Hatches[26]

Defendant seeks to limit Plaintiff from eliciting testimony from its anticipated witness, Trudi Clegg, or any other witness regarding the condition of other thief hatches owned by Defendant pursuant to Federal Rules of Evidence 401, 402, and 403. Ms. Clegg is a gauger and lease operator for Savage and is expected to testify regarding her personal experience and knowledge regarding the subject thief hatch and well.[27] According to Plaintiff's response, Jason

---

[25] *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (quoting *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999)).

[26] Docket No. 139.

[27] Docket No. 129, at 6.

Lefler will testify about the subject thief hatch, including that from 2006 to the date of the incident, the seal had never been maintained or changed.

Defendant argues that evidence of the condition of other thief hatches is not relevant to the specific thief hatch at issue in this case. Plaintiff responds that Ms. Clegg's testimony regarding the condition of the 74 other oil tanks owned by Defendant is relevant to notice of the alleged dangerous condition that led to Plaintiff's injuries. The Court finds that Ms. Clegg's testimony is probative of Defendant's notice and standard of care and is therefore, relevant.

Defendant again argues that even if the evidence is relevant, it should be excluded under Rule 403 because any probative value is substantially outweighed by a danger of unfair prejudice. Defendant asserts that evidence of the condition of other thief hatches would mislead the jury to believe that the thief hatch at issue in this case was poorly maintained or in disrepair at the time of the incident based on the condition of other thief hatches. The Court is not persuaded. The risk of misleading the jury is low and, as Plaintiff asserts, it is anticipated that Mr. Lefler will testify about the condition of the subject thief hatch. Defendant can further make the distinction between the thief hatches through questioning at trial. Accordingly, the Court does not find that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. The Court will therefore deny the Motion.

Based upon the Court's finding that evidence of the condition of the 74 thief hatches is relevant, the Court declines to address whether the evidence is admissible under Rule 406.

6. Motion to Exclude Subsequent Remedial Measures[28]

Defendant seeks to exclude evidence, testimony, or argument of subsequent remedial measures pursuant to Federal Rule of Evidence 407. Specifically, Defendant seeks to exclude

---

[28] Docket No. 140.

information regarding a change in the type of gas monitor Savage required its drivers to use. Defendant points to Warren Lynn Larsen's testimony that at some point after the incident Savage and Holly Frontier required drivers to switch from wearing a two-level gas monitor to a four-level gas monitor for safety reasons. Plaintiff did not respond.

The deposition testimony does not support that Berry was involved in this change. Accordingly, the Court does not find that this evidence makes the existence of any fact that is of consequence to the determination of the action more or less probable and will exclude this testimony as irrelevant.

Defendant also seeks an order limiting Plaintiff from eliciting testimony or otherwise presenting evidence of any subsequent changes to safety equipment worn by crude oil drivers on the basis that it could only be presented for purposes of proving Defendant's negligence. Pursuant to Rule 407, evidence of subsequent remedial measures is inadmissible to prove negligence, but the Court declines to make a blanket order prohibiting all testimony or evidence regarding changes to safety equipment. If during the trial, Plaintiff seeks to introduce evidence or testimony of subsequent changes to safety equipment for some other reason that is supported under Rule 407, the Court asks that Plaintiff bring the issue to the Court as soon as practical, preferably outside the presence of the jury.

The Court therefore will grant the Motion in part and deny it in part.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Limit Testimony of Paul Fulmer (Docket No. 131) is DENIED. It is further

ORDERED that Defendant's Motion to Limit Testimony of Jason Lefler (Docket No. 132) is DENIED. It is further

ORDERED that Defendant's Motion to Limit Testimony of Matt Guest (Docket No. 133) is DENIED. It is further

ORDERED that Defendant's Motion to Exclude NOSH-OSHA Hazard Alert Exhibit (Docket No. 138) is DENIED. It is further

ORDERED that Defendant's Motion to Exclude Testimony of Other Thief Hatches (Docket No. 139) is DENIED. It is further

ORDERED that Defendant's Motion to Exclude Subsequent Remedial Measures (Docket No. 140) is GRANTED IN PART and DENIED IN PART.

DATED  February 27, 2025.

BY THE COURT

_____
TED STEWART
United States District Judge