IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY DEE SKINNER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BERRY PETROLEUM COMPANY, LLC,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE TO LIMIT TESTIMONY OF CINDY SKINNER<br><br>Case No. 1:19-CV-124 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion in Limine to Limit Testimony of Cindy Skinner.[1] For the reasons discussed below, the Court will deny the Motion without prejudice.

Defendant seeks to exclude Plaintiff's witness Cindy Skinner from presenting "any testimony of or reference to conversations [she] had with [Plaintiff's] treating providers . . . or any other individuals about the subject incident, maintenance of the wells, and other individuals at other well sites."[2] Defendant argues that any such testimony would be hearsay, and no hearsay exceptions are applicable. Defendant also argues that the testimony lacks foundation under Rule 602 of the Federal Rules of Evidence but does not provide an argument under that rule. Plaintiff did not respond.

Rule 801(c)(2) defines hearsay as an "out-of-court statement" offered "to prove the truth of the matter asserted." A "statement" is defined as "a person's oral assertion, written assertion,

---

[1] Docket No. 130.

[2] *Id.* at 1–2.

or nonverbal conduct, if the person intended it as an assertion."[3] Hearsay is not admissible unless expressly permitted by federal statute, the Federal Rules of Evidence, or "other Rules prescribed by the Supreme Court."[4]

Absent an exception, hearsay statements will not be permitted at trial. However, Defendant's suggested exclusion of "any testimony or reference to" the relevant conversations goes beyond the rule against hearsay. Testimony about the occurrence of a conversation or a witnesses' understanding of a conversation that does not relay an out of court statement does not meet the definition of hearsay. Further, the Court cannot say conclusively at this time that no hearsay exceptions could apply. To the extent that hearsay testimony is offered by or solicited from Ms. Skinner at trial, Defendant may object at that time to allow the Court to determine the admissibility of the particular statement.

It is therefore

ORDERED that Defendant's Motion to Limit Testimony of Cindy Skinner (Docket No. 130) is DENIED WITHOUT PREJUDICE.

DATED this 27th day of February, 2025.

BY THE COURT:

Ted Stewart
United States District Judge

---

[3] Fed. R. Evid. 801(a).
[4] Fed. R. Evid. 802.