IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY DEE SKINNER,<br><br>                 Plaintiff,<br><br>v.<br><br>BERRY PETROLEUM COMPANY, LLC,<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO LIMIT TESTIMONY OF TRAVIS SNYDER<br><br>Case No. 1:19-CV-124 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendant's Motion in Limine to Limit Testimony of Travis Snyder, DO.[1] For the reasons discussed below, the Court will deny the Motion.

      Defendant seeks to limit Snyder's testimony under Rule 702 of the Federal Rules of Evidence, and Rules 26 and 37(c) of the Federal Rules of Civil Procedure. Defendant argues that Snyder is unqualified to testify regarding "imaging findings of PTSD," and has not provided any scientific data to support his opinions on this topic.[2]

      Plaintiff responds that he does not object to precluding Snyder from opining as to any diagnosis, PTSD or otherwise, based on his imaging findings. Instead, Plaintiff represents that Snyder's testimony will address "whether certain imaging findings are consistent with patterns observed in PTSD-related research," which is in line with his expertise.[3] Plaintiff contends this testimony was explored in his deposition.

---

[1] Docket No. 134.

[2] *Id.* at 1.

[3] Docket No. 146, at 1.

Defendant's Motion is untimely. The fifth and most recent Amended Scheduling Order sets March 29, 2024, as the deadline for filing partial or complete motions to exclude expert testimony.[4] Plaintiff's Rule 26 designation, attached as Exhibit A to the Motion, designated Snyder as an expert witness on June 8, 2022. Snyder's deposition was taken on December 5, 2022. Defendant does not provide any good cause justification for seeking exclusion of Snyder's testimony nearly one year after the deadline to do so has passed.[5]

Regardless, the Court finds that Plaintiff is qualified to offer his disclosed opinions and that such opinions are sufficiently reliable under Rule 702. Rule 702 imposes a gatekeeper obligation on the Court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[6] Specifically, the court "must first determine whether an expert is 'qualified by knowledge, skill, experience, training, or education to render an opinion.'"[7] Second, the Court must determine whether the expert opinion is reliable.[8] However, "[a]t the Rule 702 gatekeeping stage, district courts must avoid weighing the credibility or persuasiveness of the competing experts' ultimate conclusions."[9]

Upon review of Snyder's CV and deposition testimony, the Court is satisfied that Snyder's challenged opinions are sufficient to survive a Rule 702 challenge. Snyder's disclosed

---

[4] *See* Docket No. 85.

[5] *See id.* at 1 ("The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.").

[6] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).

[7] *Milne v. USA Cycling Inc.,* 575 F.3d 1120, 1133 (10th Cir. 2009) (quoting *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 969 (10th Cir. 2001)).

[8] *Id.*

[9] *Heer v. Costco Wholesale Corp.*, 589 F. App'x 854, 862 (10th Cir. 2014) (citation omitted).

testimony does not make a diagnosis, but instead draw correlations between imagery and other scientific research, which he appears qualified to do. Further, his opinion that peer-reviewed studies have linked PTSD to abnormalities in the hippocampus is sufficiently reliable and relevant. While Defendant is correct that he did not cite specific studies or publications during his deposition, he was not asked to do so. To the extent that Plaintiff is dissatisfied with the basis of his opinions, such is "traditional[ly] and appropriate[ly]" addressed by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."[10]

Based on the untimely filing and the above-analysis, Defendant's Motion is denied. Snyder will be permitted to offer the challenged opinions insofar as he does not seek to make a diagnosis and otherwise testifies consistently with his disclosed findings.

It is therefore

ORDERED that Defendant's Motion to Limit Testimony of Travis Snyder (Docket No. 134) is DENIED.

DATED this 27th day of February, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[10] *Daubert*, 509 U.S. at 596.