IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY DEE SKINNER,<br><br>Plaintiff,<br>v.<br><br>BERRY PETROLEUM COMPANY, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO LIMIT TESTIMONY OF ADAM SCHWEBACH, PHD<br><br>Case No. 1:19-cv-00124<br><br>District Judge Ted Stewart |

This matter comes before the Court on Defendant's Motion in Limine to Limit Testimony of Adam Schwebach, PhD ("Dr. Schwebach").[1] For the following reasons, the Court will deny the Motion.

Defendant seeks to preclude evidence related to a case in which Dr. Schwebach was sanctioned by a court. Defendant argues that under Federal Rules of Evidence 401, 402, 403, and 404(a), this evidence is irrelevant, prejudicial, and impermissible character evidence. Plaintiff responds that the evidence is relevant to Dr. Schwebach's character for truthfulness, and that extrinsic evidence should also be admitted to show Dr. Schwebach's bias.

I. DISCUSSION

Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it

---

[1] Docket No. 135.

could be without the evidence; and (b) the fact is of consequence in determining the action."[2] Even if evidence is relevant, the Court may exclude it under Rule 403 "if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[3]

Further, Rule 404(a) prohibits the use of propensity evidence, stating "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." There are exceptions to this rule: "the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness."[4] Additionally, under Rule 608, evidence of specific instances of a witness's conduct can only be introduced via reputation or opinion evidence, not through extrinsic evidence. Because Dr. Schwebach is a witness, evidence related to his character for truthfulness will be admissible on cross-examination absent another limitation.

Defendant argues that evidence related to Dr. Schwebach's sanctions and subsequent removal as an expert witness in a separate case would be irrelevant because he was struck for violating a court order, not for any opinion that he rendered. Plaintiff responds that the actions against Dr. Schwebach are probative of his character for truthfulness. In the previous case, a state court sanctioned Dr. Schwebach for knowingly violating a Court order and struck him as an expert witness.[5] This evidence is relevant to Dr. Schwebach's character for truthfulness.

---

[2] Fed. R. Evid. 401.

[3] Fed. R. Evid. 403.

[4] Fed. R. Evid. 608(b).

[5] *See* Docket No. 135-2.

Defendant further argues that this evidence would be highly prejudicial as it would cause the jury to make decisions about Dr. Schwebach's opinion on an unrelated and improper basis. Although the evidence could be prejudicial to the jury's view of Dr. Schwebach, its probative value is not substantially outweighed by its prejudicial effect.

Plaintiff also argues that the evidence is admissible to show bias because it shows that Dr. Schwebach often works as an interested expert witness for defendants in personal injury suits and the evidence shows the lengths to which he will go to produce a certain outcome for a defendant. Plaintiff further argues that because the evidence shows Dr. Schwebach's bias, Rule 608's limitation on extrinsic evidence does not apply and extrinsic evidence would be admissible.

The Court retains a responsibility to "exercise reasonable control" over how evidence is presented in the interest of effective fact-finding, saving time, and protecting witnesses from harassment or undue embarrassment.[6] Although the extrinsic evidence may be relevant to Dr. Schwebach's bias, the Court believes submission of extrinsic evidence to the jury runs the risk of districting the jury from the issues at hand and wasting time. Accordingly, the Court will not allow Plaintiff to introduce extrinsic evidence to impeach Dr. Schwebach at this time, although the Court may revisit this ruling if there is a dispute concerning the underlying facts at trial.

Based on the foregoing, the Court will allow Plaintiff to question Dr. Schwebach regarding the previous sanctions and exclusion on cross examination , but cautions the parties to reasonably limit the time spent on the issue.

## II.  CONCLUSION

It is therefore

---

[6] Fed. R. Evid. 611(a).

ORDERED that Plaintiff's Motion in Limine to Limit Testimony of Adam Schwebach, PhD (Docket No. 135) is DENIED as set forth above.

DATED this 27th day of February, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge