IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY DEE SKINNER,<br><br>        Plaintiff,<br><br>v.<br><br>BERRY PETROLEUM COMPANY, LLC,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE SSDI BENEFITS<br><br>Case No. 1:19-CV-124 TS<br><br>District Judge Ted Stewart |

    This matter is before the Court on Defendant's Motion in Limine to Exclude SSDI Benefits.[1] For the reasons discussed below, the Court will grant the Motion.

    In her expert report, Plaintiff's expert Judith Gooch discussed Plaintiff's receipt of Social Security Disability Insurance (SSDI) benefits, which he receives as a result of his PTSD diagnosis. Defendant seeks to exclude the admission of any evidence regarding Plaintiff's receipt of SSDI benefits on the basis that admission of such evidence is inadmissible under Utah's collateral source rule. Plaintiff did not respond to the Motion.

    "Under the common law collateral source rule, 'a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source.'"[2] Accordingly,

---

[1] Docket No. 141.

[2] *Wilson v. IHC Hosps., Inc.*, 2012 UT 43, ¶ 31, 289 P.3d 369, 381 (quoting *Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 37, 96 P.3d 893).

presentation of evidence of collateral source benefits to a jury is "forbidden."[3] Further, the Utah Supreme Court has held that evidence of a plaintiff's receipt of disability benefits specifically "is potentially very prejudicial."[4] And attempts to introduce collateral source evidence to the jury can be so prejudicial to a plaintiff that a curative instruction from the court can be insufficient to cure the prejudice.[5]

Notably, the case law focuses on the prejudice to a plaintiff through introduction of collateral source evidence, yet the motion here is brought by Defendant. Defendant asserts that evidence of Plaintiff's SSDI benefits is also prejudicial to Defendant. Considering the clear precedent to exclude collateral source evidence, and the Plaintiff's apparent lack of objection, the Court will grant the Motion. Any evidence suggesting Plaintiff receives SSDI benefits is precluded.

It is therefore

ORDERED that Defendant's Motion to Exclude SSDI Benefits (Docket No. 141) is GRANTED.

DATED this 27th day of February, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[3] *Id.* at ¶ 43.

[4] *Robinson v. All-Star Delivery, Inc.*, 1999 UT 109, ¶ 23, 992 P.2d 969.

[5] *Wilson*, 2012 UT 43, ¶ 54.