IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF UTAH

| | |
|---|---|
| CODY DEE SKINNER,<br><br>                   Plaintiff,<br>v.<br><br>BERRY PETROLEUM COMPANY, LLC,<br><br>                   Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>Case No. 1:19-CV-124-TS-DBP<br><br>Judge Ted Stewart |

This matter is before the Court on Defendant Berry Petroleum Company, LLC's Motion for Judgment as a Matter of Law. Defendant made the Motion at the conclusion of Plaintiff's case-in-chief on March 12, 2025. The Court denied the Motion for the reasons discussed below.

Federal Rule of Civil Procedure 50(a)(1) provides:

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court may "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.* (citation omitted).

inferences which may support the opposing party's position."[3] A judgment as a matter of law is appropriate "if there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

In this matter, Plaintiff asserts a negligence claim against Defendant. "The essential elements a party asserting negligence must prove are: (1) a duty of reasonable care owed by defendant to plaintiff; (2) a breach of that duty; (3) the causation, both actually and proximately, of injury; and (4) the suffering of damages by the plaintiff."[5]

The parties stipulate that Plaintiff was a business invitee. Accordingly, the open and obvious danger rule applies:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize it involves an unreasonable risk of harm to such invitees, *and* (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, *and* (c) fails to exercise reasonable care to protect them against the danger.[6]

Defendant first argues that Plaintiff has not proven that Defendant breached any duty to him because, as an invitee, he has not shown that Defendant had any actual or constructive knowledge of the allegedly unsafe condition of the subject thief hatch and well.[7]

---

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996) (quoting *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1180 (10th Cir. 1989)).

[4] *Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546–47 (10th Cir. 1996) (internal quotation marks and citation omitted).

[5] *Gregory v. Fourthwest Invs., Ltd.*, 754 P.2d 89, 91 (Utah Ct. App. 1988) (internal quotation marks and citation omitted).

[6] *Hale v. Beckstead*, 2005 UT 24, ¶ 8, 116 P.3d 263 (quoting Rest. (Second) of Torts § 343).

[7] Def.'s Mot., at 5–6.

Plaintiff asserts that Defendant breached its duty of care by failing to maintain and inspect the thief hatch on the subject oil tank and failing to implement reasonable safety precautions to prevent crude oil condensate gas exposure and inhalation.

Edward Ziegler, a designated oil field, tank, and thief hatch safety expert, testified that the American Petroleum Institute ("API") and federal law and regulation sets safety standards for oil tanks and wells. He testified that the API standards state that thief hatches should be inspected and operators should verify that thief hatch seals are in good working order. He testified that Defendant did not comply with API standards or recommended practice. Mr. Ziegler testified that federal regulations require that Defendant keep its thief hatches in proper condition, so they do not leak. Mr. Ziegler also testified about the manufacturer specifications for maintenance of thief hatches, which state that the seals should be visually inspected and defective parts should be replaced. Mr. Ziegler concluded that Defendant did not follow API standards or recommended practice when it did not regularly inspect its thief hatches or replace parts when cracked or missing.

Mr. Ziegler testified that the oil at the subject thief hatch is black wax crude oil, which is liquid when heated to approximately 140 degrees Fahrenheit, but hardens like a candle when cooled to 110 degrees Fahrenheit. Plaintiff admitted photos showing the subject thief hatch. Mr. Ziegler testified that the photos showed that the thief hatch had oil buildup, had not been kept clean, and was therefore unsafe.

Mr. Ziegler testified that in cold conditions, when there is oil buildup and missing or defective seals and gaskets, the oil can cause the hatch to stick and create a pressurized seal which can prevent a pressure release when the first latch is opened. Mr. Ziegler testified that it was his opinion that some variation of this happened in this case to the subject thief hatch and

that he does not agree that a cracked or broken seal, like the one on the subject thief hatch, would fail to lock in pressure because it does not take much oil to fill in the spaces to create sticking.

Mr. Ziegler testified that by not maintaining the thief hatches, Defendant did not follow the industry standard of care and that Defendant should have known that failing to repair or replace seals and gaskets could cause an unsafe condition.

Plaintiff also introduced evidence through Mr. Ziegler and Exhibit 38, the NIOSH-OSHA Hazard Alert, supporting that when a thief hatch is opened hydrocarbon gases escape, and exposure to those chemicals can result in death, respiratory depression, hypoxia, dizziness, rapid disorientation, and confusion.

Jason Lefler, a production foreman at Berry at the time of the incident, testified that at the time of the incident, the subject thief hatch had a missing seal and cracked gaskets. He testified that they had been missing and cracked for a long time. Mr. Lefler further testified that Berry did not inspect the seals and did not keep maintenance or repair records.

Defendant also asserts that Plaintiff has not presented any evidence to show that the subject thief hatch was in an unsafe or dangerous condition.[8]

As recited above, Mr. Ziegler testified that thief hatches with broken or missing seals and gaskets can form a pressure seal when sticky black wax crude is built up in the hatch. He testified that Defendant knew or should have known about the condition of the thief hatch. Further, Mr. Ziegler testified, and Plaintiff admitted through the NIOSH-OSHA Safety Alert, that when a thief hatch is opened hydrocarbon gases escape, and exposure to those chemicals can result in death, respiratory depression, hypoxia, dizziness, rapid disorientation, and confusion.

---

[8] Def's Mot., at 6.

Additionally, Jason Lefler testified that the subject thief hatch had a missing seal and cracked gaskets and that they had been missing and cracked for a long time.

Based on the above-described evidence, the Court finds that Plaintiff presented legally sufficient evidence from which a reasonable jury could conclude that the subject thief hatch was in an unsafe or dangerous condition and that Defendant knew or should have known about it.

Finally, Defendant asserts that Plaintiff demonstrated and a reasonable jury would find that he was the proximate cause of his injuries. In reviewing a motion for directed verdict, the Court "may not make credibility determinations or weigh the evidence."[9] Based on the evidence presented by Plaintiff at trial, the Court finds that a reasonable jury could find that Defendant's breach was a proximate cause of Plaintiff's injuries. Therefore, regardless of whether Plaintiff presented evidence supporting that his actions were a proximate cause of his injuries, judgment as a matter of law is not appropriate as such finding would require the Court to weigh evidence.

Therefore, based on the foregoing, the Court denies Defendant's Motion for Judgment as a Matter of Law.

DATED March 18, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] *Reeves*, 530 U.S. at 150 (citation omitted).