IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY DEE SKINNER,<br><br>               Plaintiff,<br>v.<br><br>BERRY PETROLEUM COMPANY, LLC,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT AND MOTION FOR APPROVAL OF BOND<br><br>Case No. 1:19-cv-00124-TS-DBP<br><br>Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Stay Execution of Judgment and Motion for Approval of Bond.[1] For the reasons discussed below, the Court will grant Defendant's Motion.

I. BACKGROUND

On March 12, 2025, after a jury trial, the jury returned a verdict in favor of Plaintiff in the amount of $4,588,382.00.[2] The verdict attributed 20% of fault to Plaintiff and accordingly, the Court entered judgment against Defendant in the amount of $3,670,705.60.[3] On March 24, 2025, Plaintiff filed a Rule 54 Motion for Costs in the amount of $5,525.61.[4] On April 15, 2025, Defendant timely filed a Motion for Judgment as a Matter of Law and Motion for a New Trial.[5] Thereafter, Defendant filed the present Motion to Stay Execution of Judgment and Motion for

---

[1] Docket No. 196.

[2] Docket No. 173.

[3] Docket No. 177.

[4] Docket No. 188.

[5] Docket Nos. 194, 195.

Approval of Bond.[6] Defendant included a bond secured by Defendant in the amount of $3,679,235.21.[7] This amount includes the full amount awarded by the jury, the full amount requested in Plaintiff's Motion for costs, and an additional $3,004.10 to account for potential costs associated with future appeal.[8]

Plaintiff filed a response arguing that the proposed bond is insufficient because it fails to account for Plaintiff's pending Motion for Prejudgment Interest in the amount of $260,732.00. Plaintiff does not object to the request to stay judgment.

## II. DISCUSSION

Federal Rule of Civil Procedure 62(b) allows a court to stay an execution of judgment. Rule 62(d) allows the court to stay the judgment pending appeal. "The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor."[9] Such security is ensured by a supersedeas bond filed by the appealing party.[10]

"In most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay."[11] "District courts, however, have inherent

---

[6] Docket No. 196.

[7] Docket No. 196-1.

[8] Docket No. 196, at 2.

[9] *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996).

[10] Fed. R. Civ. P. 62(d); *see also Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) ("[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution.").

[11] *Farm Bureau Life Ins. Co. v. Am. Nat'l Ins. Co.*, No. 2:03-CV-646 TC, 2009 WL 961171, at *1 (D. Utah Apr. 8, 2009) (citing *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2905 (2d ed. 1995)); *see also Miami Int'l Realty*, 807 F.2d at 873 ("[A] full supersedeas bond should be the requirement in normal circumstances.").

discretionary authority in setting supersedeas bonds."[12] While "[a] full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgement in full upon ultimate disposition of the case and where posting adequate security is practicable," a reduce bond may be sufficient if "the creditor's interest, due to unusual circumstances, would not be unduly endangered."[13] The movant bears the burden to show that the proposed bond amount is appropriate under the circumstances.[14]

The Court finds that the amount included in Defendant's bond is sufficient to guarantee adequate security to Plaintiff. Defendant has posted an amount largely inclusive of the entire judgment. As to Plaintiff's argument that, because the bond does not include pre-judgment interest it should be denied, the Court finds that the amount of pre-judgment interest for approximate $260,732.00 is minimal in relation to the bond amount. Further, Plaintiff does not assert that Defendant may be unable or unwilling to pay the full amount owing if Plaintiff ultimately prevails, and the Court has no reason to believe such is the case.

The Court therefore finds that the proposed bond is appropriate under the circumstances and approves Defendant's bond for purposes of Rules 62(b) and (d) of the Federal Rules of Civil Procedure.

---

[12] *Miami Int'l. Realty*, 807 F.2d at 873.

[13] *Id.* (internal quotation marks and citation omitted).

[14] *Id.* at 873–74 ("[I]t is appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical and 'to propose a plan that will provide adequate (or as adequate as possible) security for the appellee.") (citing *United States v. Kurtz*, 528 F. Supp. 1113, 1115 (D. Pa. 1981)).

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Stay Execution of Judgment and Motion for Approval of Bond (Docket No. 196) is GRANTED, and the bond in the amount of $3,679,235.21, attached to Defendant's Motion for Stay as Exhibit A is approved.

DATED May 27, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge